**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David William Peabody,  )<br>  )<br>      Plaintiff,  )<br>  )<br> vs.  )<br>  )<br>  )<br> United States of America, et al,  )<br>  )<br>      Defendants.  )<br>  )<br>_____) | CIV-06-0314-PHX-MHM<br><br><br><br>**ORDER** |

Currently before the Court is Plaintiff David William Peabody's ("Plaintiff") Motion for Assistance from the U.S. Marshal's Office. (Dkt.#2). After reviewing the pleadings the Court issues the following Order.

**I.     Background**

On January 26, 2006, Plaintiff, proceeding pro se, filed a complaint against multiple defendants including the United States of America, several District Court judges from this District, several judges from the Ninth Circuit Court of Appeals, the Attorney General of the United States of America, the Maricopa County Attorney's Office, the Governor of Arizona, the Attorney General of the State of Arizona, the City of Phoenix and multiple other parties. On March 20, 2006 Plaintiff filed his First Amended Complaint against these Defendants. (Dkt.#5). Because the Honorable Earl H. Carroll is named as a Defendant in the present action, this case was reassigned to the present Court on April 3, 2006. (Dkt.#26). On March

3, 2006 Plaintiff filed the present Motion, styled as a "Motion for Assistance from the U.S. Marshal's Office." (Dkt.#2). Specifically, Plaintiff requests the Court, pursuant to Federal Rule of Civil Procedure 4(c)(2), to direct the United States Marshal's office to assist Plaintiff in effectuating service upon those Defendants in this action that have not waived service of process and have not been served with process, at no cost to Plaintiff. The United States objects to Plaintiff's Motion.[1]

**II.  Discussion**

Plaintiff's request is based upon Rule 4(c)(2) which provides in pertinent part:

Service may be effected by any person who is not a party and who is at least 18 years of age. At the request of the plaintiff, however, the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose. Such an appointment must be made when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 or is authorized to proceed as a seaman under 28 U.S.C. § 1916.

In the present case, Plaintiff is not proceeding *in forma pauperis* nor has he made any request to proceed in such a manner. In Plaintiff's Reply brief he sets forth that he has been denied such status in another action before the Honorable Roslyn O. Silver and the Honorable Virginia A. Mathis, thus presumably Plaintiff believes that he would have been denied such status again. Regardless, this Court will address Plaintiff's Motion as it appears today, which is as a private pro se plaintiff's request for assistance from the United States Marshal's office with service of process upon unserved defendants.

Although Plaintiff relies upon Rule 4(c)(2) in support of his request, the history and purpose of this Rule does not favor Plaintiff's request. As noted by the Court in Bax v. Executive Office for U.S. Attorneys, 216 F.R.D. 4 (D.D.C. 2003), "courts have been mindful that Congress amended Rule 4 'primarily to relieve United States marshals of the burden of serving summonses and complaints in private civil actions.'" (citing Lovelace v. Acme Mkts.,

---

[1] Plaintiff objects to the Government's Response as it has not filed a notice of appearance pursuant to Local Rule of Civil Procedure 83.3(a). However, even if Plaintiff's objection were meritorious, the Court still must review the merits of Plaintiff's Motion..

1  Inc., 820 F.2d 81, 83 (3d Cir.1987) (quoting 128 CONG. REC. H9848-49 (daily ed. Dec. 15,
2  1982)).  Additionally, the Ninth Circuit has held that the legislative history of Rule 4 shows
3  congressional intent to relieve the Marshal service of the duty of "routine service" in private
4  civil actions.  Boudette v. Barnette, 923 F.2d 754, 757 (9th Cir.1991).  Therefore, as a result,
5  courts have held that a plaintiff requesting service by the United States Marshal first must
6  attempt service by some other means authorized by Rule 4.  E.g., Jones v. Goodman, 1992
7  WL 185634, at * 1 (E.D.Pa. July 20, 1992); see also 4A FED. PRAC. & PROC. CIV.3D §
8  1090.

9  In the present case, it is premature to find that Plaintiff has adequately attempted to
10 effectuate service upon the unserved Defendants in this case.  Plaintiff discloses that he has
11 mailed copies of the complaint and summonses with a request for waiver of service to some
12 of the Defendants and several of those waivers have been returned.  (Dkt.#3,7).
13 Additionally, the record reveals that Plaintiff has provided service through certified mail to
14 multiple other Defendants.  (Dkt.#10-25).  However, Plaintiff's Motion provides no
15 explanation as to the efforts made on his own behalf to locate the unserved Defendants and
16 the efforts made to effectuate service upon such Defendants.  Until such a showing is made,
17 granting Plaintiff's Motion for assistance would be premature.

18 This scenario is similar to the situation presented in Bax, where the district court held that
19 it would not grant the pro se private plaintiff's motion for service by the United States
20 Marshals where he was not proceeding *in forma pauperis* and had not first attempted service
21 by other means.  Id. at 4.  The same is true here.  Although Plaintiff has provided service to
22 multiple Defendants in this matter, he makes no showing as to what efforts have been made
23 to provide service to the other unserved Defendants named in this matter.  Until Plaintiff
24 demonstrates that he has made substantial efforts to effectuate service upon the remaining
25 unserved Defendants in this matter, as directed by Rule 4, his Motion for assistance by the
26 United States Marshals to effectuate such service will be denied.

27 ....
28 ....

1 **Accordingly,**

2 **IT IS HEREBY ORDERED** that Plaintiff's Motion for Assistance From the U.S. Marshal's Office is denied without prejudice. Plaintiff is granted leave to refile his motion when he is able to adequately present that he is unable to provide service upon the remaining unserved Defendants through the methods authorized under Rule 4 Fed.R.Civ.P. (Dkt.#2).

DATED this 18th day of April, 2006.

*[signature]*
Mary H. Murguia
United States District Judge