**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David William Peabody, | CIV-06-0314-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| United States of America, et al, | |
| Defendants. | |

Currently, before the Court is Plaintiff David William Peabody's ("Plaintiff") Renewed Motion for Assistance from the U.S. Marshal's Office (Dkt#59); Motion for Extension of Time to Finish Serving Defendants (Dkt.#65) and Continued Renewed Motion for Assistance from the U.S. Marshal's Office. (Dkt.#77). After reviewing the pleadings, the Court issues the following Order.

**I.     Background**

On January 26, 2006, Plaintiff, proceeding pro se, filed a complaint against multiple defendants including the United States of America, several District Court judges from this District, several judges from the Ninth Circuit Court of Appeals, the Attorney General of the United States of America, the Maricopa County Attorney's Office, the Governor of Arizona, the Attorney General of the State of Arizona, the City of Phoenix and numerous other parties. (Dkt.#1). On March 20, 2006 Plaintiff filed his First Amended Complaint against these Defendants. (Dkt.#5).

On March 3, 2006 Plaintiff filed a Motion for Assistance from the United States Marshal's Office in effectuating service upon the named Defendants. (Dkt.#2). On March 31, 2006 the Honorable Earl H. Carroll recused himself from this matter and the case was reassigned to this Court.[1]  This order was recorded on the docket on April 3, 2006. (Dkt.#26). On April 7, 2006, Plaintiff renewed his request for assistance from the U.S. Marshal's in effectuating service. (Dkt#31). On April 18, 2006, this Court signed the Order denying Plaintiff's Motions for Assistance from the United States Marshal's service without prejudice and granted leave to the Plaintiff to refile his motion upon sufficient showing that he is unable to provide service upon the remaining unserved Defendants. (Dkt.#55). On April 26, 2006 Plaintiff filed the present Motion again requesting assistance from the United States Marshal's office in effectuating service of process.

**II.        Discussion**

As noted in the Court's previous order addressing the Plaintiff's request, Rule 4(c)(2), Fed.R.Civ.P is the applicable rule to review. Rule 4(c)(2) provides in pertinent part:

> Service may be effected by any person who is not a party and who is at least 18 years of age. At the request of the plaintiff, however, the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose. Such an appointment must be made when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 or is authorized to proceed as a seaman under 28 U.S.C. § 1916.

This Rule is typically applied when a pro se plaintiff is proceeding in forma pauperis, but the language of the Rule itself does not bar such assistance from the Marshal's service to private pro se plaintiffs.  While a private pro se plaintiff may also receive assistance from the Marshal's service in completing service, the case law surrounding such requests demonstrates that a specific and adequate showing must be made before such a request is granted. For instance, in <u>Bax v. Executive Office for U.S. Attorneys</u>, 216 F.R.D. 4 (D.D.C.

---

[1] The Court notes that in its previous order signed on April 18, 2006 and docketed on April 21, 2006, it stated that Judge Carroll was named as a Defendant in Plaintiff's action. However, this statement was incorrect as Judge Carroll is not a party to the Plaintiff's action. Thus, pursuant to Rule 60(a), Fed.R.Civ.P. the Court will instruct the Clerk of the Court to correct this mistake.

- 2 -

2003), the district court, in denying a similar request from a private pro se plaintiff, held that "courts have been mindful that Congress amended Rule 4 'primarily to relieve United States marshals of the burden of serving summonses and complaints in private civil actions.'" (citing Lovelace v. Acme Mkts., Inc., 820 F.2d 81, 83 (3d Cir.1987) (quoting 128 CONG. REC. H9848-49 (daily ed. Dec. 15, 1982)). Additionally, the Ninth Circuit has held that the legislative history of Rule 4 shows congressional intent to relieve the Marshal service of the duty of "routine service" in private civil actions. Boudette v. Barnette, 923 F.2d 754, 757 (9th Cir.1991). Therefore, as a result, courts have held that a plaintiff requesting service by the United States Marshal first must attempt service by some other means authorized by Rule 4 before a court directs assistance from the Marshal service. E.g., Jones v. Goodman, 1992 WL 185634, at * 1 (E.D.Pa. July 20, 1992); see also 4A FED. PRAC. & PROC. CIV.3D § 1090.

The Plaintiff's previous motion to this Court was deficient in that it did not provide the requisite degree of specificity regarding the need of assistance by the Marshal service to effectuate service upon any remaining unserved Defendant in this matter. However, upon review of the renewed Motions for assistance it appears that the Plaintiff has provided the requisite degree of specificity as to his efforts in attempting service upon several unserved Defendants, thus justifying assistance by the Marshal service. Since the Court's April 18, 2006 order denying Plaintiff's request, Plaintiff asserts to the Court that he has hired a private process server to assist him in locating and serving the remaining unserved Defendants. (Plaintiff's Continuing Renewed Motion for Assistance, p. 3). However, even with the assistance of the process server and other efforts such as requests for waiver of service of process, Plaintiff relates that has not been able to effect service upon Defendant Mike Murphy. Additionally, Defendants Dale Roberts and David Lewis have not been served as they apparently reside out of state and have not waived service of process. Lastly, Plaintiff relates that he plans to serve the Defendants Jones, Skelton & Hochuli and Thomas G. Bakker, A. Melvin McDonald and Christiana M. Chait personally with the assistance of the private process server.

1. The above assertions and the record of this case reveal that Plaintiff is capable of providing service to most of the Defendants in this case. However, even with the assistance of a private process server and other means, Plaintiff has not been able to effectuate service upon Defendants Mike Murphy, Dale Roberts and David Lewis. As such, because diligent efforts have been made to serve these Defendants, the Court finds that sufficient cause exists to intervene in directing the Marshal service to provide assistance with service of process upon these Defendants. However, the Plaintiff should take note that he is to provide all relevant information to the Marshal service to assist with service upon these individuals and previous methods used to attempt such service. See Puett v. Blandford, 912 F.2d 270, 274-76 (9th Cir. 1990) (noting that pro se in forma pauperis plaintiff is entitled to rely on U.S. Marshal service for service where plaintiff has provided the necessary information to help effectuate service). It is important to note that this Order directs assistance only regarding service of process upon Defendants Murphy, Roberts and Lewis. If for a reason, other than a financial inconvenience, Plaintiff believes it is not feasible to effectuate service upon any remaining unserved Defendant(s),Plaintiff is permitted to re-urge his request with respect to those unserved Defendant(s).

Lastly, Plaintiff requests a 30-day extension of time to effectuate service upon the remaining unserved Defendants in this case. Rule 4(m) Fed.R.Civ.P. provides for a 120-day period subsequent to the filing of the complaint to effectuate service. Here, as discussed above, the Plaintiff appears to be engaging in active efforts to complete service to the remaining unserved Defendants. As such, the Court will grant Plaintiff 30 days to complete service. See United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc., 366 F.3d 767, 772 (9th Cir. 2004) (noting that district courts have broad discretion to extend time period for service of process).

**Accordingly,**

**IT IS HEREBY ORDERED** that Plaintiff's Renewed Motion for Assistance from the U.S. Marshal's Office is granted to the extent that Plaintiff seeks assistance in effectuating service upon Mike Murphy, Dale Roberts and David Lewis. (Dkt#59,77).

- 4 -

1     **IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to Finish
2 Serving Defendants is granted. Plaintiff is granted an additional 30 days to complete service
3 upon the remaining unserved Defendants. (Dkt.#65).

4     **IT IS FURTHER ORDERED** directing the Clerk to note that the Court incorrectly stated
5 on page 1 of its Order dated April 18, 2006 (Dkt.#55) that the Honorable Earl H. Carroll was
6 a named Defendant in the Plaintiff's pending suit.

7     DATED this 19th day of May, 2006.

Mary H. Murguia
United States District Judge