**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| David William Peabody, | ) | No. CV 06-0314-PHX-MHM |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| United States of America, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

Currently before the Court are: (1) City of Phoenix's Motion to Dismiss (Dkt.#9); (2) Valley Big Brothers/Big Sister's Motion to Dismiss (Dkt.#28); (3) Defendants Ruth McGregor, Rebecca White-Berch, Terry Goddard, Michael Prost and Janet Napolitano's (collectively the "State Defendants") Motion to Dismiss (Dkt.#34); (4) Defendant John Paulsen, Maricopa County, Maricopa County Attorneys' Office and James Minter's Motion to Dismiss (collectively the "County Defendants") (Dkt.#37); Defendants United States of America, Robert C. Broomfield, Roslyn O. Silver, Virginia Mathis, Ferdinand Fernandez, A. Wallace Tashima, Susan P. Graber, Alex Kozonski, David Thompson, James A. Van der Heydt, Pamela Rymer, Raymond C. Fisher, Andrew J. Kleinfeld, J. Clifford Wallace, M. Margaret McKeown, and Alberto Gonzales' (collectively the "Federal Defendants") Motion to Dismiss (Dkt.#79); Susan Porter's Motion to Dismiss (Dkt.#81); Defendants Olson Jantsch & Bakker, P.A., Jeffrey King, Cristina Chait, Michael Barth and Thomas Bakker's (collectively the "OJB Defendants") Motion to Dismiss (Dkt.#85); Mohr Hackett Pederson Blakley & Randolph P.C., Daniel Beeks and Charles Kelhoffer's (collectively the "Mohr

Hackett Defendants") Motion to Dismiss (Dkt.#92); Jones Skelton & Hoculi, David Lewis and A. Melvin McDonald's (collectively the "Jones Skelton Defendants") Motion to Dismiss (Dkt.#104); Mike Murphy's Motion to Dismiss (Dkt.#125); and Defendant Dale Roberts' Motion to Dismiss. (Dkt.#170). In addition, pending before the Court are Plaintiff's Motions for Sanctions against Attorney Georgia Staton (Dkt.#35); Plaintiff's Motion for Sanctions against Attorney Michael Sullivan (Dkt.#76); Plaintiff's Motion for Sanctions against Attorney Michelle Roddy (Dkt.#87); the OJB Defendants' Motion to Declare David William Peabody a Vexatious Litigant (Dkt.#165-2); and Plaintiff's Motion for Reconsideration (Dkt.#172). After reviewing the pleadings and deeming oral argument to be unnecessary the Court issues the following order.

**I.     Motions to Dismiss**

    **A.     Background**

On January 26, 2006, Plaintiff David William Peabody ("Plaintiff") filed his initial complaint in this matter, which spanned 230 pages in length. (Dkt.#1). On March 20, 2006, before any responsive pleading was on file, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff filed his instant Amended Complaint ("Complaint") against the forty-four named Defendants.[1] (Dkt.#5). Plaintiff's Complaint spans 240 pages in length and asserts claims of conspiracy, violation of his civil rights, fraud and racketeering in his eight counts against the named Defendants. The crux of Plaintiff's Amended Complaint is that his rights have been violated by various individuals, including multiple public officials and state and federal judges; and multiple private and public entities. Plaintiff alleges that his rights were originally violated with a 1984 arrest and indictment in Maricopa County Superior Court arising out charges of child molestation of a child that Plaintiff was mentoring through the Valley Big Brothers/Big Sisters Program. (Complaint, p.31, ¶¶ 75-82 I-M). Those criminal charges were dismissed; however, Plaintiff's interaction with the judicial system regarding this matter continued in the role of a civil plaintiff. It appears that at least five

---

[1]The Honorable William P. Copple, has been dismissed from this suit. (Dkt.#169).

related lawsuits have been filed by Plaintiff alleging claims ranging from fraud, conspiracy and civil rights violations against many of the same Defendants that are named in this suit. (See Complaint, p.80 - CV87-10047; (2) p. 185, CIV 91-1255-PHX-WPC; (3) p.191, CV95-01447; (4) p.207, CIV 97-1359-PHX-RCB; and (5) p.223, CIV 01-1039-PHX-ROS). These cases were all dismissed at the trial court level and addressed and affirmed at various appellate levels as well. For instance, after Plaintiff's 1987 initial lawsuit in Maricopa County Superior Court, CV87-10047, filed against Defendants City of Phoenix, Mike Murphy, Dale Roberts, Susan Porter, Valley Big Brothers/Big Sisters, David Shank and Joan Gale, was dismissed upon summary judgment, the Arizona Court of Appeals affirmed the ruling, the Arizona Supreme Court denied Plaintiff's petition for review and the United States Supreme Court denied certiorari. (Valley Big Brothers/Big Sisters Motion to Dismiss, Dkt.#28, Exhibits A-D). Like the instant suit, Plaintiff's lawsuit in 1987, asserted violations of his civil rights as well as claims of fraud and conspiracy. (Id. Exhibit A).

In addition, Plaintiff's 1995 lawsuit in Maricopa County Superior Court, CV 95-01447, against Defendants City of Phoenix, Jones Skelton & Hoculi, A. Melvin McDonald, Mike Murphy, Susan Porter, Dale Roberts, Olson Bakker & Barth, Valley Big Brothers/Big Sisters, David Shank and Joan Gale was dismissed with prejudice by the trial court on grounds of standing, res judicata, statute of limitations and immunity. (Id., Exhibit E). With respect to res judicata and statute of limitations grounds, the trial court, regarding Plaintiff's complaint, observed in pertinent part:

> Plaintiff's Complaint basically alleges that there was a conspiracy syndicate, which Plaintiff claims was created with the purpose of damaging Plaintiff by preventing him from prevailing in his 1987 lawsuit. According to Plaintiff, the membership of the criminal syndicate included not only the Defendants in this lawsuit, but also the trial and appellate judges assigned to the 1987 litigation."

(Id. Exhibit E, pp.1-2).

The court's ruling dismissing the suit on limitations grounds and the award of attorneys' fees was affirmed by the Arizona Court of Appeals. (Id., Exhibit F).

Several of Plaintiff's actions regarding the denial of his civil rights arising from his 1984 arrest and subsequent litigations have also been filed in this District, but have been

1  dismissed as well. For example, Plaintiff filed suit in this District in 1991, CIV 91-1255-
2  PHX-WPC, against the State of Arizona claiming a deprivation of his rights based upon a
3  denial of his access to the courts and violation of his civil rights arising out his previously
4  unsuccessful litigation in Arizona state courts. The district court dismissed the suit for lack
5  of subject matter jurisdiction and the result was affirmed by the Ninth Circuit Court of
6  Appeals, which found that Plaintiff was improperly challenging the state court decision in
7  federal court. Peabody v. State of Arizona, 1992 WL 207882 (9th Cir. 1992) (unpublished
8  opinion).

9  In 1997, Plaintiff again filed a similar civil rights suit in this District, CIV 97-1359-
10 PHX-RCB, before the Honorable Robert C. Broomfield, naming many of the same
11 Defendants in this suit. Plaintiff's action was dismissed upon screening with Plaintiff's in
12 forma pauperis request, pursuant to 28 U.S.C. § 1915(e). The Ninth Circuit affirmed the
13 decision on September 17, 1999 finding again that the district court lacked subject matter
14 jurisdiction because plaintiff was requesting the District court to review the final
15 determinations of the state court judicial proceedings and Plaintiff's claims amounted to
16 nothing more than "an impermissible collateral attack against the state court for its adverse
17 rulings in the prior action." Peabody v. Zlaket, et al., 1999 WL 731360 (9th Cir. 1999)
18 (unpublished opinion).

19 In 2001, Plaintiff again filed a civil rights action in this District before the Honorable
20 Roslyn O. Silver, CIV 01-1039-PHX-ROS, asserting allegations deriving from his 1984
21 arrest and subsequent denial of his rights before both the Arizona and federal courts.
22 Plaintiff's complaint again named many of the same Defendants that are named in this suit.
23 The case was terminated upon denial of Plaintiff's request to proceed in forma pauperis by
24 Judge Silver. The Ninth Circuit summarily affirmed a previous decision to dismiss Plaintiff's
25 compliant for failure to state a claim. (CIV 01-1039, Dkt.#34).[2]

26

27  [2]Judge Silver later commented in her January 22, 2004, order that the Ninth Circuit's
28 jurisdiction in making this ruling was questionable because of apparent procedural confusion

- 4 -

1  Plaintiff challenges the results of these prior litigations addressed by both the Arizona
2  and federal courts and asserts an overall conspiracy between the named Defendants to
3  deprive him of his right to a fair and full opportunity to address the damage done to his
4  reputation and property. For instance, Plaintiff alleges in pertinent part:

> [T]he Federal and State Governments have a long history of using a wide variety of unlawful tactics to violate the rights of disfavored citizens, this FIRST AMENDED COMPLAINT is directed to unlawful tactics, unwritten "laws," and/or methods, customs, policies, and/or practices used in the decision making process during prior litigation, to unjustly deprive Plaintiff Peabody of his Federal right to full, fair, adequate, effective, meaningful, and equal access to the courts, to deprive Peabody of his property or his reputation and cause of action and recovery therefrom for public use without just compensation nor Due Process; and to inflict continuing cruel and unusual punishment for crimes that Peabody did NOT commit.

(Plaintiff's Complaint, p.3 ¶4).

In light of the background surrounding Plaintiff's instant litigation, the named Defendants have filed motions to dismiss on multiple bases, many of which are common among the Defendants. The Motions are fully briefed and ripe for this Court's consideration.

**B.  Analysis**

**(1)  Improper Collateral Attack of State Court Rulings**

Before addressing the the common arguments advanced by the Defendants in support of dismissal, the Court will first address its subject matter jurisdiction over Plaintiff's Complaint. See Franklin v. Oregon Welfare Div., 662 F.2d 1337, 1342 (9th Cir. 1981) (a court "may dismiss an action sua sponte for lack of jurisdiction."); Gerrtsen v. de la Madrid Hurtado, 819 F.2d 1511, 1515 (9th Cir. 1987) ("in determining the existence of subject matter jurisdiction, [court is] not limited to the jurisdictional statutes identified in the complaint.").

As demonstrated by the factual background above, Plaintiff has repeatedly filed actions in both state and federal court relating to the alleged violation of rights with respect to the accusations of child molestation in 1984 while acting as a mentor for a youth for the Valley Big Brothers/Big Sisters program and the alleged widening conspiracy derived thereof. Since the termination of his criminal proceedings, Plaintiff has engaged in an

---

and noted the decision not to be binding. (CIV01-1039-PHX-ROS, Dkt.#41, n.1).

ongoing pursuit to obtain, through litigation, the clearing of his name and the receipt of damages and declarations against person or entities that he believes have participated in the denial of his rights. Plaintiff claims the existence of a widespread conspiracy existing between all the named parties in this lawsuit, many of whom have previously been named in prior related lawsuits. Plaintiff has named numerous public officials as well as the federal district judges presiding over Plaintiff's previous unsuccessful litigations in this District as well as the Ninth Circuit appellate judges presiding over his prior cases on appeal. It is apparent from a plain reading of Plaintiff's Complaint that Plaintiff is again challenging the state court rulings and more recently filed federal rulings that have been made in his cases, which allege a continuing pattern of fraud and conspiracy amongst the Defendants to deprive Plaintiff of his constitutional rights. This fact demonstrates that it would be improper to exercise jurisdiction over this case as Plaintiff is requesting this Court to revisit previous final state court decisions regarding the merits of his related cases asserting similar claims. For instance, Plaintiff's Complaint addresses the merits of the Maricopa County's decision to grant summary judgment in favor of the named Defendants in Plaintiff's 1987 civil action, CV87-10047, asserted against Defendants City of Phoenix, Mike Murphy, Dale Roberts, Susan Porter, Valley Big Brothers/Big Sisters, David Shank and Joan Gale, all of whom are named again here. In fact, Plaintiff's Complaint devotes approximately 105 pages touching on the issues and allegations and the court's determination granting summary judgment. Plaintiff specifically requests in pertinent part:

> [to] declare that none of the Defendants in case number CV87-10047, Peabody v. City of Phoenix, et al., were entitled to summary judgment, because none of the Defendants met their burden of proving no genuine issue of material fact and entitled to summary judgment as a matter of law...

(Complaint, p.174, ¶(2)).

This type of relief clearly falls outside the scope of this Court's jurisdiction. As courts of original jurisdiction, federal district courts have no authority to review the final determinations of a state court in judicial proceedings. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir. 1986)). This is true even when the challenge to a state court decision

1    involves federal constitutional issues. Id. at 484-86; see also Peabody v. Zlaket et al., 1999

2    WL 731360 * 1 (9th Cir. 1999) (unpublished).³

3          In addition to contesting the state court proceedings in Arizona state court in 1987,

4    CV87-10047, Plaintiff would also have this Court, in support of his claims of fraud,

5    racketeering, and civil rights violations in the context of a grand conspiracy among the

6    named Defendants, entertain the merits of the Maricopa County Superior court's ruling in

7    1995 in CV95-01447, which involved allegations of a racketeering conspiracy against

8    Defendants City of Phoenix, Jones Skelton & Hoculi, A. Melvin McDonald, Mike Murphy,

9    Susan Porter, Dale Roberts, Olson Bakker & Barth, Valley Big Brothers/Big Sisters, David

10   Shank and Joan Gale. Notably, Plaintiff dedicates approximately 16 pages of his current

11   Complaint to this prior state court proceeding, which was dismissed with prejudice by the

12   trial court and affirmed by the Arizona Court of Appeals.  (Complaint, pp.191-207).

13   Plaintiff's Complaint requests in pertinent part:

14         Declare that [Plaintiff] was entitled to go to trial in his 1995 lawsuit and to an award of all damages and declaratory relief that was requested in the 1995 lawsuit, including forty-eight million nine hundred one thousand five hundred dollars ($48,901,500.00) for treble damages, and the costs of interest on money borrowed that now exceeds one million eighty seven thousand dollars ($1,087,000.000), ...

17   (Complaint, p.205 ¶ (2)).

18         As noted above, such allegations contesting the state court rulings and request for this

19   Court to entertain the merits of those suits is improper and exemplify the Court's lack of

20   jurisdiction in this matter. See Feldman, 460 U.S. at 484-86. In addition, the allegations

21   addressing the merits of previous state court proceedings deprive the Court of jurisdiction

22   of all claims asserted in Plaintiff's Complaint, not just the allegations touching specifically

23   on those state court proceedings. The litigations addressed by Plaintiff which have been filed

24   in federal district court are clearly intertwined with the state court proceedings as the claims

25   and parties identified as defendants in the state court proceedings are again identified in the

---

³The Court cites the unpublished Ninth Circuit opinions not for precedential value but to emphasize that the Ninth Circuit has previously addressed Plaintiff's claims.

federal court proceedings. In addition, Plaintiff's theory of relief is premised on the existence of a continuing widespread conspiracy. As such, Plaintiff's claims and requested relief are intertwined with both the state and federal litigation and would require the Court to entertain the merits of the state court proceedings as the allegations, issues and parties of both overlap. In such circumstances, it is appropriate for the Court to decline to exercise jurisdiction. See Weaver v. Boyles, 172 F. Supp.2d 1333, 1338 (D.Kan 2001) ("if adjudication of a claim in federal court would require the court to determine that a state court judgment was erroneously entered or was void, the claim is inextricably intertwined with the merits of the state court judgment.") (citing Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir 1997), *cert denied*, 522 U.S. 1077 (1998)). Here, all of Plaintiff's claims, are "inextricably intertwined" with the state court proceedings at issue as Plaintiff points to the state court proceedings as evidence of the Defendants' participation in an ongoing conspiracy.

As such, the Court finds that it is without jurisdiction to entertain Plaintiff's suit. The Court notes that it does not believe Plaintiff can be surprised by this result in light of the fact that the Ninth Circuit Court of Appeals has on two previous occasions made similar findings. For instance, in 1992 the Ninth Circuit affirmed the district court's dismissal of Plaintiff's case in CV91-01255-PHX-WPC, stating in pertinent part:

> [Plaintiff] cites no cases - nor are we aware of any - which permit a plaintiff to relitigate his state law action in federal court by recasting his complaint as a federal constitutional claim against the state court for its adverse rulings in the prior action. Indeed, to permit such a claim violate the axiom that district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.

Peabody v. State of Arizona, 1992 WL 207822 *2 (9th Cir. 1992) (unpublished).

The Ninth Circuit made virtually the same observation in Peabody v. Zlaket, et al., 1999 WL 731360 (9th Cir. 1999) stating "Peabody's current claims amount to nothing more than an impermissible collateral attack against the state court for its adverse rulings in the prior action. ... [H]e is impermissibly seeking to review the merits of state court decisions in a 'particular case.'" Thus, Plaintiff repeatedly has been informed by the district courts and the Ninth Circuit Court of Appeals that his attempts to relitigate issues that have been finally

1  decided is not permissible. Plaintiff's response to these binding decisions is to ignore them
2  and to file new complaints to further assert his claims at the expense of the opposing parties
3  and of judicial resources.

### (2)  Res Judicata

5  Even if jurisdiction before this Court were somehow proper, it is clear that Plaintiff's
6  claims are without merit. For instance, in addition to Plaintiff's claims constituting an
7  improper collateral attack against previous state court judgments, it is apparent to this Court
8  that the majority of Plaintiff's claims are barred by principles of res judicata. "The doctrine
9  of res judicata provides that when a final judgment has been entered on the merits of a case,
10 it is a finality as to the claim or demand in controversy, concluding parties and those in
11 privity with them, not only as to every matter which was offered and received to sustain or
12 defeat the claim or demand, but as to any other admissible matter which might have been
13 offered for that purpose." Nevada v. United States, 463 U.S. 110, 130 (1983). The elements
14 necessary to establish res judicata in a subsequent action are: (1) an identity of claims
15 between the first and second actions, (2) a final judgment on the merits in the first action, and
16 (3) privity between the parties of the first and second actions. Hells Canyon Preservation
17 Council v. U.S. Forest Service, 403 F.3d 683, 686 (9th Cir. 2005). In the instant case there
18 can be no doubt that res judicata bars Plaintiff's claims against the majority of the named
19 Defendants in this matter. For instance, in Plaintiff's initial lawsuit in Maricopa County
20 Superior Court, CV87-10047, Plaintiff asserted claims of fraud, conspiracy and civil rights
21 violations against Defendants City of Phoenix, Mike Murphy, Dale Roberts, Susan Porter,
22 Valley Big Brothers/Big Sisters, David Shank and Joan Gale arising out Plaintiff's 1984
23 arrest. The same Defendants are named in this suit facing nearly identical claims. Moreover,
24 in Plaintiff's lawsuit in this District before Judge Broomfield, CIV 97-1359-PHX-RCB,
25 Plaintiff asserted claims based upon the existence of a conspiracy to violate his civil rights
26 naming as defendants members of the Arizona Supreme Court, David Lewis, Charles
27 Kelhoffer, Daniel Beeks, the Mohr Hackett Defendants, the County Defendants, Jeffrey
28 King, Cristina Chait, A. Melvin McDonald, the Jones Skelton Defendants, the City of

1  Phoenix, Susan Porter, Dale Roberts, Mike Murphy, the OJB Defendants, Valley Big
2  Brothers/Big Sisters, David Shank, Joan Gale, James Minter, and the State Defendants. The
3  district court dismissed this action with prejudice and the Ninth Circuit affirmed the decision
4  on appeal. Peabody v. Zlaket, et al., 1999 WL 731360 (9th Cir. 1999) (unpublished). In light
5  of this history demonstrating the assertion of nearly identical suits against these Defendants
6  there can be no doubt that Plaintiff's claims against these Defendants have already been
7  litigated and barred by res judicata.

8  **(3)     Statute of Limitations**

9  In addition, it is also apparent to the Court that Plaintiff's claims against all
10 Defendants are barred by the applicable statute of limitations. As referenced above,
11 Plaintiff's lawsuit arises out of the alleged violation of his rights through a 1984 arrest and
12 indictment stemming from charges of child molestation. (Complaint, p.31, ¶¶ 75, 82 I-M).
13 Since this incident in 1984, Plaintiff has asserted numerous lawsuits against many of the
14 same parties named in this suit. Plaintiff takes exception to the argument that his claims are
15 time barred; relying specifically on the continuing wrong doctrine based upon his theory of
16 an ongoing conspiracy between the named Defendants.

17 "[T]he statute of limitations defense ... may be raised by a motion to dismiss .. [i]f the
18 running of the statute is apparent on the face of the complaint." Jablon v. Dean Witter & Co.,
19 614 F.3d 677, 682 (9th Cir. 1980). However, even if the relevant dates alleged in the
20 complaint are beyond the statutory period, the "complaint cannot be dismissed unless it
21 appears beyond doubt that the plaintiff can prove no set of facts that would establish the
22 timeliness of his claim." Hernandez v. City of El Monte, 138 F.3d 393, 402 (9th Cir. 1998).
23 As noted by the Parties, Section 1983 does not contain a specific statute of limitations; rather
24 the applicable limitations period for such actions is based upon the forum state's statute of
25 limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266 (1985). In
26 Arizona, the statute of limitations for personal injury actions is two years as set forth in
27 A.R.S. § 12-542. In addition, it is not disputed that Plaintiff's fraud and Racketeering claims
28

are subject to a three year limitations period. See A.R.S. § 12-543 (fraud); A.R.S. 12-2314(F) (Racketeering).

In reviewing the voluminous allegations of Plaintiffs' Complaint, it is apparent that Plaintiffs claims are barred by the limitations period as Plaintiff can establish no set of facts to establish the timeliness of Plaintiff's claims. As evidenced by the lengthy litigation history of Plaintiff's lawsuits with respect to his claims of fraud, racketeering and civil rights violations, Plaintiff has been well aware of the alleged wrongs incurred against him for many years. In response to the fact that the events giving rise to this litigation occurred many years ago, Plaintiff cites the fact that his most recent lawsuit in this District before Judge Silver continued into the limitations period. Specifically, Plaintiff points to Judge Silver's January 22, 2004 order which denied Plaintiff's motion to alter judgment. Based upon the January 22, 2004 order of Judge Silver, Plaintiff states in pertinent part:

> Conspiracy alone makes all Defendants liable for all the actions and inactions (overt acts) of the other Defendants. ... Peabody's Complaint was filed within two years of Judge Silver's last act of issuing unjust and illegal orders dated 1/26/2004 (sic), and Judge Silver is one of the coconspirators, so this lawsuit is not barred by the statute of limitations.

(Plaintiff's Response, Dkt.#96, p.10).

Plaintiff's argument is flawed. With respect to his reliance upon a conspiracy existing between the forty-four Defendants, Plaintiff's Complaint falls dramatically short of any suggestion of a conspiracy existing between the Defendants in this case. For instance, Plaintiff's Amended Complaint gives no indication as to how the Defendants named in this case conspired to continue to violate Plaintiff's rights through the limitations period. See Karim-Panachi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988) (stating that "[a] mere allegation of conspiracy without factual specificity is insufficient."). Moreover, the fact that Judge Silver dismissed Plaintiff's previous lawsuit within the applicable limitations period certainly does not somehow turn untimely claims that the Plaintiff has repeatedly asserted in previous litigations into timely claims before this Court.

**II.     Plaintiff's Motions for Sanctions**

Plaintiff has filed several Motions for Sanctions against attorneys of record for several of the Defendants named in Plaintiff's suit. First, Plaintiff claims that sanctions are appropriate against Georgia A. Staton (Dkt.#35) because of misconduct by misrepresenting certain arguments in an effort to get Plaintiff's case dismissed on statute of limitations grounds. Second, Plaintiff has requested sanctions against Michael Sullivan (Dkt.#76) for similar reasons, that is the "mak[ing] a false statement of fact or law to a tribunal..." (Plaintiff's Motion, p.2). Third, Plaintiff has requested sanctions against Michelle Roddy (Dkt.#87), again for misstating facts and law regarding the issues in the case, including issues related to res judicata, statute of limitations and Rule 8 grounds. The Court has reviewed these motions and finds that they do not support any finding of sanctions as there is no evidence or basis to find that these attorneys engaged in any type of misconduct before this Court.

### III. Plaintiff's Motion for Reconsideration

Plaintiff has requested that this Court reconsider its December 20, 2006 order (Dkt.#169) addressing several motions including the Court's award of costs to Plaintiff in effectuating service of process against several of the named Defendants pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure. Plaintiff claims that because the Court did not award costs as to all of the Defendants, that the Court must provide for an upward adjustment of the costs awarded against certain Defendants based upon their pro rata share of the total cost associated with service. In addition, Plaintiff requests this Court to reconsider its ruling regarding the Court's interpretation of Local Rule 83.3(a) and its application to this case. Lastly, Plaintiff requests that the Court reconsider the denial of Plaintiff's motion for default as to those Defendants he alleges violated LRCiv 83.3(a) by not first filing a notice of appearance in this case. The Defendants, upon the Court's direction, responded to Plaintiff's motion.

Motions for reconsideration are disfavored and are only appropriate if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School

1 Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  A
2 motion for reconsideration is not the place for the moving party to make new arguments not
3 raised in its original briefs.  Northwest Acceptance Corp. v. Lynnwood Equipment, Inc., 841
4 F.2d 918, 925-926 (9th Cir. 1988).  Nor is it the time to ask the Court to rethink what it has
5 already thought.  United States v. Rezzonico, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998).

The Court finds that there is no basis to reconsider its findings in its December 20, 2006 order.  First, Plaintiff is not entitled to an increase in the costs awarded to him simply because the Court did not award all costs requested.  In awarding costs, the Court evaluated Plaintiff's affidavit of costs associated with service upon the relevant Defendants and made a determination as to the appropriate amount as to each relevant Defendant.  Simply because one of the Defendants named by Plaintiff was not directed to pay costs, does not justify the increase of costs as to other Defendants.  Thus, reconsideration on this basis is unwarranted.  In addition, as to this Court's interpretation of LR Civ. 83.3(a), and Plaintiff's related request for entry of default against those Defendants alleged to be in non-compliance with LRCiv. 83.3(a), Plaintiff is simply requesting the Court to rethink what it already thought, which does not support reconsideration.  Rezzonico, 32 F. Supp.2d at 1116.

**IV.    Motion to Declare Plaintiff a Vexatious Litigant**

The OJB Defendants have moved this Court to declare Plaintiff a vexatious litigant and impose strict restrictions on his ability to file future related lawsuits in this District.  The Plaintiff has not responded to the Motion.  In support of their motion, the OJB Defendants cite the previous multiple related unsuccessful lawsuits that have been asserted in this District.  The Defendants note a general pattern by Plaintiff of reasserting the same allegations against the same Defendants combined with the addition of new Defendants in each subsequent suit, such as previous judges in related litigations.  The OJB Defendants request that the Court enjoin Plaintiff from filing any further action or papers in this District without first obtaining leave of the Court.

This Court has the authority, pursuant to 28 U.S.C. § 1651(a) and its inherent powers, to issue an order enjoining Plaintiff from filing any further actions or papers in this court

1  without first obtaining leave of the court. See DeLong v. Hennessey, 912 F.2d 1144, 1146-
2  49 (9th Cir. 1990) (recognizing "there is strong precedent establishing the inherent power of
3  federal courts to regulate the activities of abusive litigants by imposing carefully tailored
4  restrictions under the appropriate circumstances.") (citations omitted). The Court recognizes
5  that pre-filing orders should rarely be imposed especially in the case of a pro se litigant. Id.
6  (citing Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980).  However, in light of the
7  Plaintiff's litigation history, discussed above, the Court finds that a pre-filing injunction
8  against Plaintiff as to the assertion of lawsuits related to his attack on previous state court and
9  federal litigations arising out of his 1984 arrest and resulting conspiracy is appropriate under
10 the circumstances. Plaintiff's collateral attacks on previous final judgment are utterly without
11 merit, frivolous and in bad faith. See Peabody v. Arizona, 1992 WL 207882 * 2, (finding
12 Plaintiff's "contentions on appeal utterly without merit.").   In response to the repeated
13 decisions of this District and the Ninth Circuit Court of Appeals, Plaintiff has engaged in a
14 continuing pattern of repeat lawsuits regarding issues that have long since been addressed
15 in both the state and federal courts.  These repeat lawsuits border on harassment against the
16 Defendants that are repeatedly named.  In addition, these repeat lawsuits constitute an undue
17 burden on this District's judicial resources that would be better served by addressing
18 legitimate disputes that have not previously been addressed.  The Court is aware that the
19 scope of the injunction must be limited in breadth. See DeLong, 912 F.2d at 1148.  As such,
20 the Court will issue a pre-filing injunction as to only those cases that relate to claims arising
21 out Plaintiff's 1984 arrest and subsequent alleged denial of his constitutional rights through
22 subsequent litigations.  No such injunction will apply to unrelated lawsuits.  Finally, the
23 Court notes that sufficient notice and opportunity has been given to Plaintiff to oppose the
24 imposition of such an injunction.  As noted above, the OJB Defendants expressly requested
25 such a sanction in their October 26, 2006 motion. (Dkt.#165). Plaintiff was provided notice
26 and had the opportunity to oppose the motion, but chose not to respond; that is all that is
27 required. See Id. (noting that "[d]ue process requires notice and an opportunity to be heard);
28 see also In re Powell, 851 F.2d 427, 431 (D.C. Cir. 1988) (stating that before issuing a pre-

1 filing injunction the litigant "should at least be provided an opportunity to oppose the entry
2 of an order restricting him before it is entered."). As such, the Court finds Plaintiff to be a
3 vexatious litigant justifying the imposition of a pre-filing injunction addressing any future
4 lawsuit filed in this District based upon Plaintiff's claims of a wide-ranging conspiracy
5 against Plaintiff's constitutional rights that both state and federal courts have already
6 addressed.

7 **Accordingly,**

8 **IT IS HEREBY ORDERED** dismissing with prejudice Plaintiff's Amended
9 Complaint and action for lack of subject matter jurisdiction. The Court also finds Plaintiff's
10 Complaint is barred on grounds of res judicata and statute of limitations grounds and the
11 Court grants the following Defendants' Motion to dismiss to that extent it dismisses Plaintiff's
12 suit: City of Phoenix's Motion to Dismiss (Dkt.#9); Valley Big Brothers/Big Sisters' Motion
13 to Dismiss (Dkt.#28); the State Defendants' Motion to Dismiss (Dkt.#34); the County
14 Defendants' Motion to Dismiss (Dkt.#37); the Federal Defendants' Motion to Dismiss
15 (Dkt.#79); Susan Porter's Motion to Dismiss (Dkt.#81); the OJB Defendants' Motion to
16 Dismiss (Dkt.#85); the Mohr Hackett Defendants' Motion to Dismiss (Dkt.#92); the Jones
17 Skelton Defendants' Motion to Dismiss (Dkt.#104); Mike Murphy's Motion to Dismiss
18 (Dkt.#125); and Defendant Dale Roberts' Motion to Dismiss (Dkt.#170).

19 **IT IS FURTHER ORDERED** denying Plaintiff's Motions for Sanctions against
20 Attorney Georgia Staton (Dkt.#35); Attorney Michael Sullivan (Dkt.#76); and Attorney
21 Michelle Roddy (Dkt.#87).

22 **IT IS FURTHER ORDERED** granting the OJB Defendants' Motion to declare
23 Plaintiff a Vexatious Litigant. (Dkt.#165).

24 **IT IS FURTHER ORDERED** that Plaintiff is hereby enjoined from filing any
25 further action or lawsuit in this District without first obtaining leave of the court. This pre-
26 filing injunction is limited only to the claims or allegations based upon Plaintiff's 1984 arrest
27 and subsequent unsuccessful lawsuits before Maricopa County Superior Court and the United
28 States District Court of Arizona commencing in 1987 which have asserted such claims as

- 15 -

1  fraud, racketeering, conspiracy and an overall violation of Plaintiff's constitutional rights
2  against various public officials, federal and state judges, private attorneys, and entities. In
3  order to obtain such leave, Plaintiff shall submit with his moving papers, an affidavit stating
4  that the claims have not been previously addressed and are not frivolous or meritless.  Failure
5  to comply with the Court's order will constitute sufficient grounds to deny Plaintiff's request
6  for leave and to dismiss Plaintiff's suit.

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Reconsideration. (Dkt.#172).

**IT IS FURTHER ORDERED** that all other pending motions are denied as moot.

**IT IS FURTHER ORDERED** that the Clerk provide a copy of this Order to the judges of the United States District Court for the District of Arizona.

**IT IS FURTHER ORDERED** that the Clerk enter judgment accordingly.

DATED this 21st day of March, 2007.

_____
Mary H. Murgia
United States District Judge