**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David William Peabody, ) | No. CIV 06-0314-PHX-MHM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| United States of America, et al., ) | |
| Defendants. ) | |

Currently before the Court is Plaintiff David William Peabody's ("Plaintiff") Motion for Relief from Orders and Judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure (Dkt.#191) and Motion to Appeal In Forma Pauperis. (Dkt.#207). Plaintiff also requests expedited ruling and oral argument. After reviewing the papers and determining oral argument to be unnecessary, the Court issues the following Order.

**I.    Background**

On January 26, 2006, Plaintiff David William Peabody ("Plaintiff") filed his initial complaint in this matter. (Dkt.#1). On March 20, 2006, before any responsive pleading was on file, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff filed his Amended Complaint ("Complaint") against forty-four named Defendants. (Dkt.#5). Plaintiff's Complaint, spanned 240 pages in length, and asserted claims of conspiracy, violation of his civil rights, fraud and racketeering in his eight counts against the named Defendants. On March 21, 2007, this Court signed its order dismissing Plaintiff's claims on

grounds of lack of subject matter jurisdiction, res judicata and statute of limitations. The Court's order was entered by the Clerk of the Court on March 27, 2007, and judgment was entered the same day. (Dkt.#188, 189). On April 11, 2007, Plaintiff filed the instant Motion for Relief from Judgment pursuant to Rule 60 Fed.R.Civ.P. (Dkt.#191). On April 25, 2007, Defendants Valley Big Brother/Big Sisters, David Shank, and Joan Gale ("Defendants Valley Big Brothers/Big Sisters") filed a response asserting that this Court lacks jurisdiction to entertain Plaintiff's Rule 60 Motion because of untimeliness under Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure and because of Plaintiff's concurrent filing of his Notice of Appeal. (Dkt.#195). Defendants Charles I. Kelhoffer,(Dkt.#196); Mohr, Hackett, Pederson, Blakley & Randolf P.C., and Daniel Beeks (Dkt.#197); John Paulsen, Maricopa County, Maricopa County Attorney's Office and James M. Minter (Dkt.#199); Jones, Skelton & Hoculi, A. Melvin McDonald and David C. Lewis ("Jones Skelton Defendants") (Dkt.#201); Ruth McGreggor, Rebecca White-Berch, Terry Goddard, Michael Prost and Janet Napolitano (Dkt#202) join in Defendant Valley Big Brothers/Big Sisters' response. In addition, Defendants City of Phoenix, Susan Porter, Mike Murphy and Dale Roberts ("City of Phoenix Defendants") (Dkt.#200) and Defendants Jeffrey King, Cristina Chait, Thomas Bakker, Michael Barth and Olson, Jantsch Bakker & Blakey, P.A.(the "OJB Defendants") (Dkt.#203) filed a response asserting the same grounds in opposition to Plaintiff's Motion[1] [2]

**II.     This Court's Jurisdiction to Entertain Plaintiff's Rule 60 Motion**

---

[1] Defendants United States, Robert Broomfield, Roslyn Silver, Virginia Mathis, Ferdinand Fernandez, A. Wallace Tashima, Susan Graber, Alex Kozonski, David Thompson, James A. Van der Heydt, Pamela Rymer, Raymond Fisher, Andrew Kleinfield, J. Clifford Wallace, M. Margaret McKeown, and Alberto Gonzales (the "Federal Defendants") did not join or file a separate response.

[2] None of the Defendants responded to the merits of Plaintiff's Motion for relief from judgment. However, Plaintiff's Motion is essentially a motion for reconsideration of the Court's March 21, 2007 order and the Court did not direct any such response pursuant to LRCiv. 7.2(g).

1  The above mentioned Defendants, excluding the Federal Defendants, contend that this Court lacks jurisdiction to hear Plaintiff's Rule 60 Motion due to the timing of Plaintiff's filing combined with the filing of Plaintiff's Notice of Appeal. (Dkt.#192). Defendant Valley Big Brothers/Big Sisters cites Federal Rule of Appellate Procedure 4(a)(4)(A) which provides in pertinent part:

> If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
> . . .
> (vi)   for relief under Rule 60 if the motion is filed no later than 10 days after the judgment is entered.

Defendant Valley Big Brothers/Big Sisters contends that Plaintiff's Rule 60 Motion is beyond the 10-day limit specified in Rule 4(a)(4)(A) as it was filed on April 11, 2007, rather than April 10, 2007, thus depriving this Court of jurisdiction to entertain the motion. In addition, Defendant Valley Big Brothers/Big Sisters cites the general rule that district courts are divested of jurisdiction with the filing of a timely notice of appeal. E.g. Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982).

However, the arguments advanced do not demonstrate that this Court lacks subject matter jurisdiction to entertain Plaintiff's Rule 60 Motion. Notably, Rule 6 of the Federal Rules of Civil Procedure applies to the applicable time computation. See United States v. Moss, 189 F.R.D. 354, 356 (E.D. Mich. 1999) (applying Rule 6(a) Fed.R.Civ.P. to Rule 4(a)(4)(A)(vi) computation); see also Alward v. Burrelle's Information Services, 2001 WL 1708779 *4 (D.Ariz. 2001) (unpublished opinion) (same). Rule 6(a) Fed.R.Civ.P. provides in pertinent part:

> In computing any period of time prescribed or allowed by these rules, by the local rules of the district court, or by order or court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.

As such, the 10-day period to file any such Rule 60 motion commenced on March 28, 2007, the day after the Clerk entered the Court's order and judgment was entered. In addition, Rule 6(e) provides in pertinent part:

- 3 -

> Whenever a party must or may act within a prescribed period after service and service is made under Rule 5(b)(2)(B), (C), or (D), 3 days are added after the prescribed period would otherwise expire under subdivision (a).

In applying Rule 6 Fed.R.Civ.P, it is clear that Plaintiff's Rule 60 Motion does not fall outside the 10-day time period directed by Rule 4(a)(4)(A)(vi) Fed.R.App.P, as the Motion was filed on April 11, 2007, eleven countable days after a copy of the Court's order and judgment was mailed to Plaintiff. In taking into account the three extra days afforded to Plaintiff under Rule 6(e) Fed.R.Civ.P., Plaintiff's Motion is timely.

Moreover, the Plaintiff's filing of a notice of appeal concurrent with the instant Motion for relief from judgment does not deprive this Court of jurisdiction to entertain Plaintiff's Motion. Rule 4(a)(4)(B)(i) Fed.R.App.P., provides in pertinent part:

> If a party files a notice of appeal after the court announces or enters a judgment - but before it disposes of any motion listed in Rule 4(a)(4)(A) - the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Because Plaintiff's Rule 60 Motion is timely, the notice of appeal filed by Plaintiff will become effective when the order disposing of such motion is entered.

### III.  **Plaintiff's Rule 60 Motion**

A motion under Rule 60 Fed.R.Civ.P. provides several narrow provisions which may justify disturbing a judgment that has otherwise become final. Under Rule 60, a party can obtain relief from a court order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

In the instant case, Plaintiff contends that the Court's order and judgment is fraudulent and unconstitutional. (Dkt.#191, p.1). In support of this position, Plaintiff cites several examples suggesting that this Court "is simply continuing the conspiracy by helping the

- 4 -

Defendants make sure that Peabody never has any forum, State or Federal, to have a full and fair opportunity to litigate to the hilt." (Id. p.16). Plaintiff's examples supporting his position can be summarized as follows: (1) that the Court failed to consider Plaintiff's responses to the Defendants' motions before rending its March 21, 2007 order; (2) the Court failed to accurately describe the basis of Plaintiff's litigation and the background surrounding Plaintiff's previous litigations before state and federal courts; (3) the Court committed error in determining that it lacked jurisdiction; (4) the Court committed error in finding Plaintiff's claims to be barred by res judicata; (5) the Court committed error in finding Plaintiff's claims be barred by the applicable statute of limitations; (6) the Court committed error in denying Plaintiff's motion for sanctions; and (7) the Court committed error in denying Plaintiff's motion for reconsideration.

**A.   Court's Consideration of Plaintiff's Opposition to OJB Defendants' Motion to Declare Plaintiff a Vexatious Litigant.**

In support of Plaintiff's argument that the Court failed or fraudulently failed to consider Plaintiff's responses to the various motions to dismiss filed by the different Defendants and related motions, Plaintiff cites the Court's statements in its March 21, 2007, order stating that Plaintiff did not respond to the OJB Defendants' motion to declare Plaintiff a vexatious litigant. (Dkt.#188, pp.13,14). In reviewing the docket sheet, Plaintiff is correct that he did in fact respond to the OJB Defendants' motion. Specifically, on October 17, 2006, Plaintiff filed his Reply to the OJB Defendants' Response to Plaintiff's Supplement and Response to the OJB Defendants' Motion to Declare Plaintiff a Vexatious Litigant. (Dkt#158). In addition, on October 24, 2006, Plaintiff filed a response to the Jones Skelton and City of Phoenix Defendants' joinder in the OJB Defendants' motion. (Dkt.#163). The Court's confusion in stating that Plaintiff did not file any response can be explained by a review of the docket sheet. The OJB Defendants' original motion to declare Plaintiff a vexatious litigant was included within a response to one of Plaintiff's other motions, *i.e.*, Plaintiff's Supplement to Plaintiff's Other Replies Regarding Default Judgment. (Dkt.#155). Upon filing the OJB Defendants' response, the Clerk issued a text entry stating in part:

- 5 -

1  "Incorrect event type selected for a motion. Attorney noticed telephonically to re-file."
2  (Dkt.#155) (emphasis added). However, on October 26, 2006, after the Plaintiff had already
3  responded to the OJB Defendants' motion, the Clerk's Office issued a formal Notice of Filer
4  Deficiency to the OJB Defendants regarding the filing error and requested that in the future
5  the OJB Defendants file their motions separately. Notably, the OJB Defendants were
6  directed not to re-file. (Dkt.#164). However, that same day, the OJB Defendants' motion
7  was re-filed and was docketed as a separate motion. (Dkt.#165). Presumably, because the
8  Plaintiff had previously responded to the OJB Defendants' motion to declare Plaintiff a
9  vexatious litigant and accompanying joinders, the Plaintiff did not file any response. The
10 Court in stating that the Plaintiff did not respond to the motion, incorrectly looked only to
11 documents filed subsequent to the October 26, 2006 refiling.

12 However, while the Court incorrectly stated that the Plaintiff failed to respond to the
13 OJB Defendants' motion to declare Plaintiff a vexatious litigant, the Court's finding does not
14 change. As stated in the Court's March 21, 2007 order, the Plaintiff has repeatedly filed
15 lawsuits in this District and Maricopa County Superior Court asserting claims arising out of
16 an alleged wide-ranging conspiracy amongst public officials, private persons, entities, and
17 judges, despite multiple judgments against the Plaintiff. This alleged conspiracy appears to
18 have developed with the Plaintiff's arrest in 1984 on charges of sexual molestation, of which
19 he was never convicted. Plaintiff's responses in opposition to being declared a vexatious
20 litigant add nothing to suggest that such a declaration by this Court is unwarranted. For
21 instance, Plaintiff makes much of the fact that Judge Silver previously authorized Plaintiff
22 to file a pre-paid complaint as a new action after Judge Silver denied Plaintiff's request to
23 proceed in forma pauperis. (CIV 01-1039-PHX-ROS, Dkt.#28, 41).[3] However, such leave

---

[3] Notably, Judge Silver's ruling dismissing Plaintiff's case was not made on the merits, but because of in forma pauperis issues. See 28 U.S.C. § 1915(e)(2). Specifically, Judge Silver determined that Plaintiff possessed sufficient assets to pay the filing fee. (CIV 01-1039-PHX-ROS, Dkt.#28, 41). Thus, while Judge Silver granted Plaintiff leave to file a prepaid complaint as a new action, such leave was not made with any type of review of the merits of Plaintiff's claims.

- 6 -

obviously did not provide Plaintiff a free pass to maintain his repeated lawsuits asserting claims against defendants named in multiple previous litigations decided on the merits and new defendants, such as Judge Silver, along the way. In addition, the fact that this Court ordered the assistance of the United States Marshal service to assist Plaintiff in effectuating service upon certain Defendants does not somehow indicate that it would be inconsistent to declare Plaintiff a vexatious litigant now. Plaintiff's repetitive litigation has expended a significant amount of resources upon the defendants repeatedly named in his suits as well as upon courts having to address Plaintiff's conspiracy allegations despite prior multiple judgments on the merits. In order to stop the continued draw upon such resources, the reasonable action by this Court is the issuance of a pre-filing injunction against Plaintiff with respect to these repeated allegations. As such, the Court stands by its determination declaring Plaintiff a vexatious litigant. The Court also notes that Plaintiff's increasingly aggressive and offensive statements toward this Court and the other parties involved in this litigation only bolster the Court's finding.[4]

Thus, the Court erred in stating that Plaintiff did not oppose the motion to declare him a vexatious litigant. However, in considering Plaintiff's opposition, Plaintiff offers nothing to suggest that the Court's ultimate finding was erroneous. (Dkt.#188, pp.13-14). With the benefit of Plaintiff's opposition and opportunity to be heard, the Court finds no basis to reconsider its determination. In addition, although the Court failed to consider the Plaintiff's response to the OJB Defendants' motion to declare Plaintiff a vexatious litigant, the Court rejects Plaintiff's contention that the Court denied Plaintiff due process by failing to properly consider Plaintiff's other responses, such as Plaintiff's responses to the multiple motions to dismiss filed in this case by the Defendants named in Plaintiff's suit. The Court has reviewed Plaintiff's 240-page Amended Complaint as well as his motions, responses and replies filed regarding his respective position. While, the Court improperly concluded that Plaintiff did

---

[4]Such statements include declaring this judge "too corrupt, prejudice, and biased to provide Due process ..." (Dkt.#191, p.11), as well as stating that this judge should resign or be arrested. (Dkt.#206, p.8).

1    not respond to the motion to declare him a vexatious litigant, that determination is not
2    indicative of the Court's overall handling of Plaintiff's case.  As such, to the extent Plaintiff
3    requests relief under Rule 60(b) based upon the Court's alleged failure to consider Plaintiff's
4    argument and position, that request is without merit.

5    **B.   Court's Alleged Failure to Accurately Describe the Basis of Plaintiff's Claims and Court's Lack of Jurisdiction Determination**

6    Plaintiff contends that the Court's order dismissing Plaintiff's claims was based upon fraud due, in part, to the Court's mis-characterization of Plaintiff's suit as an improper "appeal seeking to overturn the ruling in the prior cases." (Plaintiff's Motion, Dkt.#191, p.5). Plaintiff contends that the Court's perception of Plaintiff's suit is erroneous as the suit is not about reviewing or altering previous final state court judgments against Plaintiff, but rather is based upon a review of "whether or not the methods used in those prior court proceedings were unlawful, unconstitutional, amounted to fraud on the courts, amounted to crimes *** and/or violated [Plaintiff's] Federal rights such that he is entitled to any type of recovery for those violations..." (Id., p. 6).

In reviewing Plaintiff's argument, it is apparent that it is essentially a motion for reconsideration of the Court's determination that Plaintiff's suit constitutes an improper collateral attack of previous judgment rendered against him after a full and fair opportunity to litigate the claims.  As repeatedly noted throughout this lawsuit, motions for reconsideration are disfavored and are only appropriate if a court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  None of these three grounds support reconsideration of the Court's judgment.  As set out in the Court's order, it is abundantly clear that Plaintiff seeks to use this Court as a forum to re-litigate his previous unsuccessful state and federal court lawsuits which asserted nearly identical theories to those advanced in this case. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); see also MacKay v. Pfeil, 827 F.2d 540, 543 (9th Cir. 1987) ("[f]ederal

- 8 -

1 district courts, as courts of original jurisdiction, may not serve as appellate tribunals to
2 review errors allegedly committed by state courts."). Plaintiff has apparently exhausted his
3 state court appellate remedies, and thus would have this federal court provide another means
4 of appellate review. (Valley Big Brothers/Big Sisters Motion to Dismiss, Dkt.#28, Exhibits
5 A-D). This Court lacks jurisdiction to review collateral attacks on state court judgment as
6 well as lacks jurisdiction to hear claims "inextricably intertwined" with such state court
7 judgment. See Jordahl v. Democratic Party of Virginia, 122 F.3d 192, 202-203 (4th Cir.
8 1997), *cert denied*, 522 U.S. 1077 (1998) ("where plaintiffs' claims are inextricably
9 intertwined with the merits of a state court decision, then the district court is being asked to
10 review the state court decision, a result prohibited under Rooker-Feldman [doctrine]."). As
11 explained in the Court's March 21, 2007 order, because Plaintiff seeks to relitigate the
12 previous state court judgments against him as well as the federal litigations "inextricably
13 intertwined" with such suits under the broad guise of a grand conspiracy, the Court lacks
14 jurisdiction. As such, Plaintiff's request for reconsideration does not justify setting aside the
15 judgment and certainly does not suggest any type of fraud.

16       **C.**     **Court's Application of Res Judicata to Plaintiff's Suit**

17 As additional support for Plaintiff's Rule 60(b) Motion, Plaintiff contends that the
18 Court erred in finding Plaintiff's claims to be barred by principles of res judicata.
19 Specifically, Plaintiff asserts that the Court improperly determined that the "issues in this
20 case were actually litigated and decided in any other case, nor that any decisions in prior
21 litigations were based on a full and fair opportunity for [Plaintiff] to litigate to the hilt."
22 (Dkt.#191, p.9). However, again, Plaintiff's request for reconsideration under the scope of
23 Rule 60(b) is unwarranted. As explained in the Court's March 21, 2007 order, the litigation
24 history demonstrates that Plaintiff has previously raised such claims or could have raised
25 such claims and as been provided a full and fair opportunity to litigate. For example, there
26 appears to be no less than five prior lawsuits based upon Plaintiff's alleged denial of
27 Plaintiff's civil rights resulting from his 1984 arrest on child molestation charges. All of the
28 Maricopa County lawsuits resulted in dismissals with prejudice, which were affirmed on

1  appeal. (Valley Big Brothers/Big Sisters Motion to Dismiss, Dkt.#28, Exhibits A-D). In
2  addition, Plaintiff's suit filed in this district and heard by the Honorable Robert C.
3  Broomfield, naming many of the same Defendants based upon a violation of Plaintiff's civil
4  rights due to a wide ranging conspiracy, was dismissed with prejudice pursuant to 28 U.S.C.
5  § 1915(e)(2)(B)(i)-(iii) and affirmed on appeal. Peabody v. Zlaket, 1999 WL 731360 *1 (9th
6  Cir. 1999) (affirming district's dismissal with prejudice stating "to the extent Peabody's
7  allegations assert that the defendants engaged in a conspiracy to deprive him of his civil
8  rights, we agree with the district court that Peabody has failed to sufficiently state a
9  claim..."). These prior litigations and judgments exemplify the applicability of res judicata
10 to the instant suit. See Hells Canyon Preservation Council v. U.S. Forest Service, 403 F.3d
11 683, 686 (9th Cir. 2005) ("[t]he doctrine of res judicata provides that a final judgment on the
12 merits bars further claims by parties or their privies based on the same cause of action, and
13 is central to the purpose for which civil courts have been established, the conclusive
14 resolution of disputes within their jurisdiction.") (quoting Headwaters, Inc. v. U.S. Forest
15 Service, 399 F.3d 1047, 1051-52 (9th Cir. 2005)).  As such, Plaintiff's argument provides no
16 basis for reconsideration and again provides no indication of fraud pursuant to Rule 60(b)
17 Fed.R.Civ.P.

18      **D.     Statute of Limitations**

19      Plaintiff takes further issue with the Court's March 21, 2007, order with respect to the
20 Court's determination that Plaintiff's claims are barred by the statute of limitations.
21 Tellingly, Plaintiff asserts that "[f]or over twenty years, Judges just act like [Plaintiff]
22 supposedly did not file anything..." (Dkt.#191, pp. 11-12).  Again; however, Plaintiff's
23 argument provides no support in terms of the Court setting aside its judgment. As noted in
24 the Court's order, the allegations derive out of allegations stemming from Plaintiff's 1984
25 arrest. Plaintiff has since filed multiple suits regarding his arrest and the alleged conspiracy
26 resulting out of it. As Plaintiff's claims were untimely before the Maricopa County Superior
27 Court in 1995, Plaintiff's claims are untimely now. (Dkt.#28, Exhibit E). Thus, to the extent
28

Plaintiff seeks reconsideration, there is no basis to do so. Moreover, Plaintiff presents no evidence of fraud to support setting aside the judgment.

### E. Court's Denial of Plaintiff's Motion for Sanctions and Reconsideration Regarding Costs.

In support of Plaintiff's Motion for relief from judgment, Plaintiff asserts fraud was committed based upon the Court's denial of his request for sanctions against certain Defense counsel in this case as well as the Court's denial of his request for reconsideration of the Court's ruling regarding an award of costs to Plaintiff. In the Court's March 21, 2007 order, the Court held that there was no basis for any type of sanctions against the cited Defense attorneys. Moreover, with respect to the Court's denial of Plaintiff's request for reconsideration regarding the prior award of costs to Plaintiff, the Court determined reconsideration was not warranted because Plaintiff was asking the Court to revisit what it did previously. The Court stands by its rulings and, more importantly for purposes of Rule 60(b), finds that neither argument supports Plaintiff's request for relief from judgment.

### F. Plaintiff's Motion for Leave to Appeal In Forma Pauperis

Plaintiff seeks leave of the Court to proceed in forma pauperis in the event Plaintiff's Rule 60(b) Fed.R.Civ.P., motion is not granted. As explained above, there is no basis to set aside the Court's judgment imposed on March 27, 2007, therefore, the Court will address Plaintiff's Motion to proceed in forma pauperis on appeal. Specifically, 28 U.S.C.A § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." In light of the Court's findings, most notably, the repeated litigation asserted by Plaintiff in the face of prior final judgments addressing nearly identical issues and claims, the Court finds that Plaintiff's appeal is not taken in good faith. While Plaintiff argues at length that the Court should grant the motion due to his current financial situation, the Court is not persuaded. Plaintiff was clearly on notice due to the previous related suits and judgments that the Court would reject the claims asserted in the current suit.

### IV. Summary

1  The Court finds Plaintiff presents no persuasive argument to support setting aside the Court's judgment in this case pursuant to Rule 60(b) Fed.R.Civ.P.  In addition, with respect to the Court's determination declaring Plaintiff to be a vexatious litigant, the Court has reviewed Plaintiff's opposition to the OJB Defendants' motion and finds there to be no basis to reconsider its determination.  Plaintiff's repeated filing of lawsuits in this District based upon claims and issues that have been fully and finally determined on multiple occasions supports this determination.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Plaintiff's Motion for Relief from Orders and Judgment. (Dkt.#191).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Leave to Appeal In Forma Pauperis. (Dkt.#207).

DATED this 5th day of July, 2007.

_____
Mary H. Murgia
United States District Judge